IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MALCOM RUNNELS,<br>            Plaintiff,<br><br>vs.<br><br>(2) HOUSING AUTHORITY OF THE CITY OF BEGGS,<br>(3) GAIL ELLIS, individually and in her<br>official capacity as Executive Director of the Housing Authority of the<br>City of Beggs; (4) BILL WILBURN, individually and in his<br>official capacity as Chairman of the Board of Directors of<br>the Housing Authority of the City of Beggs;<br>5) KENNETH BUCKLEY, in his individual capacity and official<br>capacity as Board Member of the Housing Authority of the City of<br>Beggs; (6) DARLENE JACKSON, in her individual capacity and<br>official capacity as Board Member of the Housing Authority of the<br>City of Beggs; (7) KRISTINA BOREN, in her individual capacity and<br>official capacity as a Board Member of the Housing Authority of the<br>City of Beggs; and (8) INA AKINSON, in her individual capacity and<br>official capacity as a Board Member of the Housing Authority of the<br>City of Beggs,<br>            Defendants. | )<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Malcom Runnels, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 3613, and 29 U.S.C. § 794(a), and states as follows:

### I.  Preliminary Statement

Malcolm Runnels (hereinafter "Runnels"), an individual with disabilities living on government disability benefits of $712.00 per month, submitted an application to the Defendants for its low income housing program.  The Defendants rejected Runnels' application for reasons wholly outside his control without first considering his individual attributes and circumstances, thereby violating the requirements of the federal public housing program and his right to

[1]

procedural due process under the Fourteenth Amendment.  Furthermore, the Defendants discriminated against Runnels on the basis of his disabilities when they asked him if he could provide a doctor's letter certifying that he could live independently.

## II. Parties

1.  Malcom Runnels (hereinafter "Runnels") is a twenty year old individual with disabilities. He resides in Mounds, Oklahoma, in Okmulgee County.

2.  The Housing Authority of the City of Beggs ("HACB") is a public body corporate and politic located in Beggs, Oklahoma, in Okmulgee County.  A federally funded housing authority organized under state law, the HACB was created pursuant to the Oklahoma Housing Authority Act, 63 Okla. Stat. § 1051 *et seq.*  The HACB is a public housing agency within the meaning of the United States Housing Act, 42 U.S.C. § 1437, and administers federally subsidized and low-income housing as authorized by that federal statute.  They are being sued in their official capacity.

3.  Defendant Gail Ellis is the Executive Director of the HACB.  She is responsible for all aspects of the Housing Authority's operations and develops and implements policies for the HACB.  She is being sued in her individual and official capacity.

4.  Defendant Bill Wilburn is the Chairman of the Board of Directors of the HACB.  He is also the former Executive Director of the HACB.  He is responsible for establishing and adopting HACB policies.  He is being sued in his individual and official capacity.

5.  Defendant Kenneth Buckley is a Board Member of the HACB.  He is responsible for establishing and adopting HACB policies.  He is being sued in his individual and official capacity.

6. Defendant Darlene Jackson is a Board Member of the HACB. She is responsible for establishing and adopting HACB policies. She is being sued in her individual and official capacity.

7. Defendant Kristina Boren is a Board Member of the HACB. She is responsible for establishing and adopting HACB policies. She is being sued in her individual and official capacity.

8. Defendant Ina Akinson is a Board Member of the HACB. She is responsible for establishing and adopting HACB policies. She is being sued in her individual and official capacity.

### III. Jurisdiction and Venue

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 42 U.S.C. §1343, 42 U.S.C. § 3613 and 29 U.S.C. § 794a. Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3613.

10. Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. §1391(b)(2).

### IV. Statement of Facts

11. HACB receives federal funds from the United States Department of Housing and Urban Development to operate and administer a public housing program in accordance with the United States Housing Act, 42 USC §1437 *et seq*.

12. The goal of the federal public housing program is to provide decent and safe rental housing for low-income persons and families.

13. Until approximately May 2012, Mr. Runnels lived with his grandmother Delilah Heath in public housing administered by the HACB.

[3]

14. On the HACB Admissions and Occupancy Agreement completed in 2011, Delilah Heath was identified as the Head of Household and Runnels was identified as an occupant in the household.

15. On March 14, 2012, the HACB issued to Delilah Heath a Notice of Termination of Lease and/or Eviction.

16. This Notice of Termination of Lease and/or Eviction alleged various lease violations committed by Ms. Heath.

17. Nowhere in the Notice of Termination of Lease and/or Eviction were any allegations that Runnels was in any way responsible for, or contributed to, the alleged lease violations leading to the lease termination.

18. On May 2, 2012, the HACB filed a forcible entry and detainer action in state court against Delilah Heath, *Beggs Housing Authority v. Delilah Heath*, in Okmulgee County SC-2012-204.

19. The only named defendant in the eviction action was Delilah Heath.

20. On June 15, 2012, Heath entered into an agreement with HACB to move out before July 1, 2012, in return for HACB dismissing the court case against her.

21. Ms. Heath moved out prior to July 1, 2012, pursuant to the agreement.

22. HACB did in fact dismiss the action against Ms. Health on October 15, 2013.

23. On May 23, 2012, while the forcible entry and detainer proceeding was pending against Ms. Heath, Mr. Runnels, on his own behalf, submitted an Application for Public Housing to the HACB.

24. On the application, Mr. Runnels identified himself as a person with a disability.

[4]

25.  On May 24, 2012, the HACB sent to Mr. Runnels an "Applicant Notice of Rejection" which stated, "[you] have a household member who has ever been evicted from public housing", citing the HACB Admissions and Continued Occupancy Policy ("ACOP") section 8.4(N).

26.  ACOP 8.4(N) states: "The Beggs Housing Authority is not required or obligated to assist applicants who . . . [h]ave a household member who has ever been evicted from public housing."

27.  The only household member on the rejected application was Runnels himself.

28.   Runnels has never been evicted from HACB housing.

29.   Nor was anyone from Runnels' previous tenancy with HACB ever evicted.   At the time HACB issued the rejection notice to Runnels, the eviction action was still pending against Ms. Heath, and ultimately ended up being dismissed.

30. Aside from the erroneous claim by HACB that there had been an eviction, the ACOP provision cited against Mr. Runnels is incredibly broad in scope.

31.  The provision bars eligibility for the public housing program to anyone who has "[a] household member who has *ever* been evicted from public housing" (emphasis added).

32.  HACB applied this provision to Runnels' application to deny him housing because he once shared a tenancy with someone whose lease was terminated for reasons which had nothing to do with him.

33. Mr. Runnels timely requested an informal hearing regarding the denial of his public housing application.

34. On October 9, 2012, the informal hearing took place before Defendant HACB Board Members Wilburn, Buckley, Jackson, Boren, and Akinson.   Also present at this informal hearing was Defendant Ellis.  Defendant HACB was represented by counsel who was present.

[5]

35.  During the hearing, Runnels argued that the rejection should be reversed because his former household member Heath had never been evicted, and moreover that Heath was not included on the new housing application in any capacity.

36. During the course of the hearing, Defendant Wilburn asked Mr. Runnels if he had a doctor's letter certifying his ability to live independently.

37.  Inquiring about an applicant's ability to live independently is discrimination on the basis of disability.

38. The HACB sent a letter to Mr. Runnels dated the same day as the hearing, October 9, 2012, stating that the Board of Commissioners was standing by the original decision to deny him housing assistance.

39. Mr. Runnels' sole source of income is federal Supplemental Security Income benefits of $712 per month and a State Supplemental Payment of $42 dollars per month.

40. On his meager fixed income, Mr. Runnels cannot afford fair market rent housing.

## V. First Claim:  Violation of the United States Housing Act
42 U.S.C. § 1437c-1

41. All facts herein are incorporated by reference.

42. At all times, the Defendants acted under color of state law.

43. The United States Housing Act requires public housing authorities to submit an annual plan to HUD every year and specifies the content to be included in the plan. *See* 42 USC 1437c-1.

44. Among the required content in the annual plan is "a statement of the policies governing eligibility, selection, admissions (including any preferences), assignment, and occupancy of families with respect to public housing dwelling units . . ." 42 U.S.C. § 1437c-1(d)(3).

45. The HUD regulations further state, "the tenant selection criteria to be established and information to be considered shall be reasonably related to the individual attributes and behavior of an applicant and shall not be related to those which may be imputed to a particular group or category of persons of which an applicant may be a member." 24 C.FR. § 960.203(a).

46. The policy at Statement of Facts number 26, *supra*, runs afoul of the Housing Act because it does evidence any consideration of the individual attributes and behavior of the applicant.

47. The Defendants' denial of admission to Mr. Runnels based on this policy deprived Mr. Runnels of the right guaranteed to him under the United States Housing Act to be afforded an individualized inquiry into his eligibility and suitability for tenancy.

## VI. Second Claim:  Violation of Procedural Due Process
U.S. Const. Art. XIV

48. All facts herein are incorporated by reference.

49. At all times, the Defendants acted under color of state law.

50. The Fourteenth Amendment to the United States Constitution prohibits any state from depriving "any person of life, liberty, or property, without due process of law."

51. Mr. Runnels has a protected property interest in the Defendants providing a meaningful, full and fair consideration of his application for public housing.

52. The HACB policy cited against Mr. Runnels precludes the possibility of a fair,

meaningful and full consideration of Mr. Runnels' application and thereby violates Mr. Runnels' right to procedural due process.

### VII. Third Claim:  Violation of the Fair Housing Act
42 U.S.C. § 3604(f)

53. All facts herein are incorporated by reference.

54. The HACB is a covered provider under the Fair Housing Act.

55.  Mr. Runnels is a member of a protected class under the Act.  He is an individual with a physical or mental impairment which substantially limits one or major life activities.

56. The HACB had actual notice that Mr. Runnels is a person with a disability.

57. Defendant Wilburn inquired of Mr. Runnels at the informal hearing on October 9, 2012 whether he had a doctor's note certifying that he could live independently.

58.  The Defendants discriminated against Mr. Runnels on the basis of his disabilities when they inquired whether he was capable of living independently.

59.  As a result of the Defendants' actions described above, Mr. Runnels suffered, and continues to suffer, irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress and a deprivation of his rights to equal housing opportunities regardless of his status as an individual with a disability.

60.  In engaging in the unlawful conduct described above, Defendants acted intentionally and maliciously and with callous and reckless disregard of the federally protected rights of Mr. Runnels under the Fair Housing Act.

### VIII. Fourth Claim:  Violation of Section 504 of the Rehabilitation Act
(Cause of Action:  29 U.S.C. § 794)

61. Mr. Runnels is an "individual with a disability" within the meaning of the Act.  He is an

[8]

individual with physical or mental impairments that substantially limit one or more life activities.

62. The HACB receives federal financial assistance.

63. The Defendants discriminated against Mr. Runnels on the basis of his disabilities when they inquired whether he had a doctor's letter certifying that he could live independently.

64. As a result of Defendant's unlawful conduct, Mr. Runnels suffered, and continues to suffer, irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress and a deprivation of his right to equally participate in a federally assisted program regardless of his disability.

### IX. Relief Sought

WHEREFORE, under the foregoing counts, the Plaintiff respectfully requests this Court to grant him the following relief:

1. Take jurisdiction of this cause;

2. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Defendants have violated the United States Housing Act, the Due Process Clause of the Fourteenth Amendment, the Fair Housing Act, and Section 504; and,

3. Require the Defendants to refrain from enforcing Admission and Occupancy Policy 8.4(N); and,

4. Require the Defendants to refrain from considering whether an applicant with disabilities can live independently in determining whether an applicant may be admitted to their programs; and,

5. Reconsider Mr. Runnels application for housing using lawful eligibility criteria; and,

6. Award appropriate monetary damages to the Plaintiff; and,

7. Award costs and reasonable attorney's fees to Plaintiff in this action; and,

8. Grant all other relief as the Court deems just and proper.

>Respectfully submitted,
>
>LEGAL AID SERVICES OF OKLAHOMA, INC.
>
>/s/Kimberly K. Moore-Waite
>KIMBERLY MOORE-WAITE, OBA #20290
>ADRIENNE WATT, OBA #20363
>Attorneys for Plaintiff
>907 S. Detroit Ave. #725
>Tulsa, OK 74120
>Tel:  918-295-9417
>Fax:  918-895-6117
>adrienne.watt@Laok.org
>kimberly.waite@Laok.org

[10]